583 N.W.2d 281 (1998)
In re Petition for Reinstatement to the Practice of Law of Eric A.L. DeRYCKE, Petitioner.
No. C1-98-589.
Supreme Court of Minnesota.
August 26, 1998.

ORDER
WHEREAS, on April 23, 1998, this court suspended petitioner Eric A.L. DeRycke from the practice of law for a period of 90 days, commencing 14 days from the date of this court's order, In re Discipline of DeRycke, 577 N.W.2d 922 (1998); and
WHEREAS, petitioner has filed with this court an affidavit requesting reinstatement; and
WHEREAS, the Director and petitioner have filed with this court a stipulation that the parties agree to petitioner's reinstatement to the practice of law effective immediately, with modifications of the terms of probation set forth in the court's suspension order;
NOW, THEREFORE, IT IS ORDERED, petitioner is reinstated to the practice of law in the State of Minnesota effective immediately, subject to petitioner's successful completion of the professional responsibility portion of the state bar examination by April 23, 1999, and shall be on supervised probation for a period of 2 years subject to the following conditions:
1. Petitioner shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.
2. Petitioner shall abide by the Minnesota Rules of Professional Conduct.
3. Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Petitioner shall provide to the Director the names of four attorneys who have agreed to be nominated as petitioner's supervisor within 2 weeks from the date this stipulation is executed. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the petitioner shall on the first day of each month provide the Director with an inventory of active client files described in paragraph 4 below. Petitioner shall make active client files available to the Director upon request.
4. Petitioner shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor *282 shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.
5. Petitioner shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which petitioner is handling, and which will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis.
6. Within 30 days from the execution of this stipulation, petitioner shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that petitioner is in compliance with probation requirements. Petitioner shall provide progress reports as requested.
7. Petitioner shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. Petitioner shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, petitioner shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Petitioner shall provide all of the documents and information required herein without specific reminder or request.
8. Petitioner shall enter into agreements satisfactory to the IRS and the DOR for the payment of unpaid employer withholding taxes, and for the payment of all unpaid individual income taxes for all tax years after 1991. Petitioner shall provide to the Director copies of the payment agreements and proof of currency on payments required by the agreements. If agreement with IRS and/or DOR has not been reached despite diligent effort by petitioner, petitioner shall report to the Director concerning his progress in reaching agreement. Such reports shall continue on a monthly basis until written agreements have bee signed by both the IRS and DOR.
9. Petitioner shall employ a qualified tax preparer to assist him in preparing and filing required quarterly and annual tax returns. Petitioner shall make timely quarterly estimated payments to the state and federal tax authorities. On or before the filing deadline, petitioner shall provide proof of such filing any payments to the Director without specific reminder or request.
 BY THE COURT
 /s/ Alan C. Page
 Alan C. Page
 Associate Justice